IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES PADDOCK, | No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| THE ARCHDIOCESE OF DUBUQUE, | |
| Defendant. | |

COMES NOW the Plaintiff, and by and through his attorneys, Dutton, Braun, Staack & Hellman, P.L.C., and for his Complaint and Jury Demand against the Defendant, states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, **James Paddock**, (hereinafter "Plaintiff") is a citizen and resident of the State of Illinois.

2. Defendant, **The Archdiocese of Dubuque**, (hereinafter "Dubuque Archdiocese") is an Iowa Corporation with its principal place of business located at 1229 Mt. Loretta Avenue in Dubuque, Iowa.

3. The matter in controversy in this lawsuit exceeds the sum of $75,000, exclusive of interest and costs.

4. Jurisdiction in this lawsuit in federal district court is proper pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000 exclusive of interest and

1

costs and is between citizens of different states.

5. Venue in this lawsuit in the United States District Court for the Northern District of Iowa, Cedar Rapids Division, is proper pursuant to 28 U.S.C. § 1391(a), as jurisdiction is founded only on diversity jurisdiction and the lawsuit is being brought in a judicial district where the Defendant resides.

## GENERAL ALLEGATIONS

6. Paragraphs 1 through 5 are incorporated by reference.

7. Plaintiff was confirmed at St. Ludimila, a parish church in the Dubuque Archdiocese in Cedar Rapids, Iowa. Plaintiff was a parishioner at Immaculate Conception, a parish church in the Dubuque Archdiocese in Cedar Rapids, Iowa. Plaintiff was also a student at Immaculate Conception School and an alter boy at the Immaculate Conception parish.

8. From 1957 to 1961, Monsignor Maurice S. Sheehy was the resident pastor at the Immaculate Conception parish in Cedar Rapids.

9. From 1961 to 1967, Father William Roach was the resident pastor at the Immaculate Conception parish in Cedar Rapids.

10. At all material times, Father William Roach was an ordained Roman Catholic priest.

11. At all material times, Father William Roach was assigned to and was under the authority, direct supervision, employ and control of the Dubuque Archdiocese, and was

acting with the scope of his representative employment and/or agency.

12. In the summer of 1962, Plaintiff was working for the Immaculate Conception parish to pay for or partially offset the cost of school tuition at Regis High School.

13. As part of his job duties, Plaintiff was instructed by Father William Roach to drive him (using Father William Roach's vehicle) on several trips out of Cedar Rapids.

14. These trips out of Cedar Rapids included trips to the Sumner, Iowa area and the McGregor, Iowa area.

15. In the summer of 1962, in or near the church Rectory in McGregor, Iowa, Father William Roach participated in an assault and sexual abuse and/or attempted sexual abuse of the Plaintiff.

16. At least one other Dubuque Archdiocese priest was present at or near the Rectory on this occasion, and either knew or should have known that Father William Roach participated in an assault and sexual abuse and/or attempted sexual abuse of the Plaintiff.

17. Plaintiff was 16 years old at the time this abuse occurred.

18. Father William Roach was a in position of authority, trust, reverence and control over Plaintiff as a Roman Catholic priest, and while in such position, engaged in this described instance of a harmful, illegal and immoral act with Plaintiff.

19. At or shortly after the above-described conduct occurred, Father William Roach instructed and directed Plaintiff to remain silent about it.

20. Despite this incident and other similar incidents involving Father William Roach, he remained at Immaculate Conception in Cedar Rapids until 1967, and continued

3

to say the Mass and remain around and in contact with altar boys.

21. During the time that Father William Roach engaged in the above-described instance of conduct with the Plaintiff, the Dubuque Archdiocese either knew, or should have known, of the improper and illegal sexual abuse and conduct perpetrated by him. The Dubuque Archdiocese intentionally or negligently failed to take action against Father William Roach, including but not limited to investigating his actions, defrocking him, reporting him to law enforcement, warning members of the Diocese about him, disciplining him, documenting and maintaining records of his abuse and taking all reasonable steps to insure such actions, while under the Church's authority, control and employ, would not occur again.

22. The assault, sexual abuse and/or attempted sexual abuse of the Plaintiff and the later acts of the Dubuque Archdiocese caused Plaintiff to develop various psychological coping mechanisms and symptoms of psychological and psychiatric distress and injury, including but not limited to post-traumatic stress and repression. As a result, Plaintiff was unable through reasonable effort to discover both the injury and the causal relationship between the injury and the abuse perpetrated upon him until within 2 years of the date of the filing of this lawsuit, such that any applicable statute of limitations was tolled to within two years of the filing of this lawsuit.

23. At all material times, a fiduciary relationship existed between Plaintiff and the Dubuque Archdiocese and Father William Roach.

24. The Dubuque Archdiocese and Father William Roach, individually and/or in

4

concert with each other, took affirmative steps to fraudulently conceal the fact of this incident, or at a minimum, remained silent and failed to act in Plaintiff's interests when under a legal duty to do so.

25. Plaintiff diligently attempted to discover his cause of action against the Dubuque Archdiocese, but was reasonably unable to do so until within 2 years of the filing of this lawsuit, such that any applicable statute of limitations was tolled to within two years of the filing of this lawsuit.

26. At all material times, the Dubuque Archdiocese and Father William Roach, individually and/or in concert with each other, constituted authority figures that made it such that Plaintiff cannot reasonably be charged with knowledge of the inappropriateness of the conduct at issue, such that any applicable statute of limitations was tolled to within two years of the filing of this lawsuit.

## COUNT I – ASSAULT AND BATTERY

27. Paragraphs 1 through 26 are incorporated by reference.

28. In the summer of 1962, Father William Roach engaged in an assault and wrongful sexual conduct and contact upon the person of the Plaintiff.

29. Plaintiff did not consent to the acts of assault and battery committed against him as described herein.

30. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of

emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and will incur expenses for medical and psychological and/or psychiatric treatment and counseling.

31. The acts of assault and battery committed by employees or agents of the Dubuque Archdiocese against the Plaintiff are a proximate cause of the injuries and damages suffered by the Plaintiff, including but not limited to medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

32. The act of assault and battery committed by employees or agents of the Dubuque Archdiocese against the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

## COUNT II – CHILDHOOD SEXUAL ABUSE

33. Paragraphs 1 through 26 are incorporated by reference.

34. In the summer of 1962, Father William Roach engaged in unlawful sexual abuse with the person of the Plaintiff in violation of Iowa Code Section 709.1(3).

35. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and

6

Case 2:04-cv-01033-JAJ   Document 2   Filed 08/25/04   Page 6 of 12

is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and will incur expenses for medical and psychological and/or psychiatric treatment and counseling.

36. The act of sexual abuse committed by employees or agents of the Dubuque Archdiocese against the Plaintiff are a proximate cause of the injuries and damages suffered by the Plaintiff, including but not limited to medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

37. The act of sexual abuse committed by employees or agents of the Dubuque Archdiocese against the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Paragraphs 1 through 26 are incorporated by reference.

39. In the summer of 1962, Father William Roach willfully and intentionally engaged in wrongful sexual conduct with the Plaintiff, then a minor.

40. The Dubuque Archdiocese either knew or should have known of the conduct of its employee or agent as described above, and purposefully or intentionally failed to take action against him.

41. The conduct of the Dubuque Archdiocese toward the Plaintiff was so

7

outrageous as to go beyond all possible bounds of decency, and is to be regarded as intolerable in a civilized community.

42. The Dubuque Archdiocese itself, and through its employees and agents, did and intended to inflict emotional distress upon the Plaintiff.

43. The outrageous conduct of the Dubuque Archdiocese itself, and through its employees and agents, was a proximate cause of severe emotional distress and damages suffered by the Plaintiff, including but not limited to medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

44. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and will incur expenses for medical and psychological and/or psychiatric treatment and counseling.

45. The acts of the employees or agents of the Dubuque Archdiocese and the Dubuque Archdiocese itself toward the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

## COUNT IV – BREACH OF FIDUCIARY DUTY

8

46. Paragraphs 1 through 26 are incorporated by reference.

47. By holding themselves out as qualified Roman Catholic clergy, representatives of the Roman Catholic Church, priests, religious instructors, counselors and holy individuals, and by undertaking the religious instruction and spiritual and emotional counseling of Plaintiff, the Dubuque Archdiocese and Father William Roach entered into a fiduciary relationship with the Plaintiff.

48. The Dubuque Archdiocese itself, and by and through its employees and agents, breached their fiduciary duty to the Plaintiff by engaging in intentional, negligent and unlawful conduct described herein.

49. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full enjoyment of life, and will incur expenses for medical and psychological and/or psychiatric treatment and counseling; his damages include but are not limited to medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

50. The acts of the employees or agents of the Dubuque Archdiocese and the Dubuque Archdiocese itself toward the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

9

Case 2:04-cv-01033-JAJ   Document 2   Filed 08/25/04   Page 9 of 12

## COUNT V – NEGLIGENT HIRING, SUPERVISING, WARNING, DOCUMENTING, AND/OR RETAINING BY DEFENDANT DIOCESE

51. Paragraphs 1 through 26 are incorporated by reference.

52. The Archdiocese of Dubuque, by and through their agents, servants and employees, knew, or should have known, of Father William Roach's harmful and unlawful conduct.

53. The Archdiocese of Dubuque had a duty to exercise reasonable care in the hiring, supervising, documenting and retaining of Father William Roach, and to use reasonable care to provide adequate warning to the Plaintiff, his family and the parishioners of the harmful and unlawful conduct of this individual.

54. The Archdiocese of Dubuque failed to properly exercise its duty of reasonable care regarding Father William Roach under the circumstances, as it related to his hiring, his supervision, documentation regarding his conduct, and his retention.

55. The conduct of the Dubuque Archdiocese, as described in the preceding paragraphs herein, was a proximate cause of injury and damages sustained by the Plaintiff, including but not limited to medical expenses, past physical and mental pain and suffering, future physical and mental pain and suffering, past loss of full mind and body, and future loss of full mind and body.

56. As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, was and is permanently prevented from performing his normal daily activities and obtaining the full

enjoyment of life, and will incur expenses for medical and psychological and/or psychiatric treatment and counseling.

57. The acts of the employees or agents of the Dubuque Archdiocese and the Dubuque Archdiocese itself toward the Plaintiff were committed willfully and recklessly and with intentional and willful disregard for the rights of the Plaintiff. Plaintiff is therefore entitled to punitive damages.

FOR THESE REASONS, Plaintiff prays for judgment against Defendant in an amount that is fair and reasonable to compensate him for his damages as described herein, together will punitive damages, costs and interest as allowed by law, plus any other relief that the Court deems just and equitable.

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: _____
Thomas L. Staack  Iowa Bar #000005220
LEAD COUNSEL

BY: _____
Chad A. Swanson  Iowa Bar #000014657

3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 FAX
staackt@wloolaw.com
swansonc@wloolaw.com

Original Filed.

11

Copy to:

Brendan Quann
O'Connor & Thomas, P.C.
700 Locust Street
Suite 200
Dubuque, Iowa 52001-6874

I:\Lit\TLS\ABUSE-PRIEST\Paddock\Pleadings\Complaint and Jury Demand.wpd