IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES CUMMINS, ) | No. CV04-1028 EJM |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S RESISTANCE** |
| vs. ) | **TO MOTION TO CONSOLIDATE** |
| ) | |
| THE ARCHDIOCESE OF DUBUQUE, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| JAMES PADDOCK, ) | No. CV04-1033 EJM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE ARCHDIOCESE OF DUBUQUE, ) | |
| ) | |
| Defendant. ) | |

COME NOW the Plaintiffs in the above-captioned cases and resist the Motion to Consolidate filed by the Defendant, the Archdiocese of Dubuque:

1. The above-captioned lawsuits do contain allegations that relate to incidents of sexual abuse committed by priests assigned to the Archdiocese of Dubuque. They contain some common questions of law and fact, but also contain many questions of fact that are not common.

2. The Archdiocese of Dubuque bears the burden of demonstrating the existence of common questions of law or fact. See Frazier v. Garrison I.S.D., 980 F.2d

1

1514 (5th Cir. 1993).

3. If common questions of law or fact are found, then the Court may exercise its discretion to consolidate or to refuse to consolidate. 8 Moore's Federal Practice, § 42.10 (Matthew Bender 3d ed.). The decision to grant or deny a motion to consolidate lies within the broad discretion of the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758 (5th Cir. 1989).

4. Even in situations where two actions involve common questions of law or fact, consolidation has been denied where they were at different stages of preparation for trial. Mills, 886 F.2d at 758.

5. Regarding questions of law, the pleadings filed to date speak for themselves, and Plaintiffs believe that by the time each case proceeds to trial, the legal theories of recovery in both cases will be the same or substantially similar.

6. Regarding questions of fact, the two cases have some similarities, but they do diverge in several significant respects. In the Cummins case, the lawsuit alleges that he suffered sexual abuse at the hands of an unidentified priest[1] assigned within the Archdiocese of Dubuque during an overnight visit to a parish in northeast Iowa, believed to be the parish at McGregor. Plaintiff Jim Paddock was along on this trip, and in his case, he alleges that he suffered sexual abuse at the hands of Father William Roach on that same overnight trip. To this day, Jim Cummins and Jim Paddock have never spoken personally about the events of that night with each other. Neither was an eyewitness to

---

[1] This unidentified priest is now believed to be John Peters.

the sexual abuse sustained by the other, as their abuse took place in separate rooms. Except for the fact that their abuse took place during the same overnight trip to the same location, there are few, if any, common questions of fact.

7. In addition, Jim Cummins alleges a second episode of sexual abuse which occurred shortly after the first encounter. This episode did involve Father William Roach. Jim Paddock does not make this allegation, and in fact was not present at all during this encounter and has no knowledge of it.

8. As noted, Jim Cummins and Jim Paddock have never spoken personally about the events of that overnight trip since it took place. There is nothing in common regarding the damage evidence that will be presented at these trials, except for the fact that both Plaintiffs have been evaluated by forensic psychologist Gary Schoener. The fact is that, except for Gary Schoener, there will be damage witnesses called on behalf of Jim Cummins that bear no relation to Jim Paddock, and vice versa.

9. While there are common questions of law and some limited common questions of fact, Plaintiffs do not believe this commonality rises to the level where the rights of these Plaintiffs to proceed to trial on their own individual cases should be denied.

FOR THESE REASONS, Plaintiffs pray that the above-captioned lawsuits not be consolidated for trial, and that the Court enter an Order denying Defendant's Motion to Consolidate.

3

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: /S/ Thomas L. Staack
Thomas L. Staack  Iowa Bar #000005220
LEAD COUNSEL

BY: /S/ Chad A. Swanson

Chad A. Swanson  Iowa Bar #000014657

3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 FAX
staackt@wloolaw.com
swansonc@wloolaw.com

Original Filed.

Copy to:

Brendan T. Quann
Davin C. Curtiss
O'Connor & Thomas, P.C.
700 Locust Street, Suite 200
P. O. Box 599
Dubuque, IA 52004-0599

I:\Lit\TLS\ABUSE-PRIEST\Paddock\Pleadings\Resistance to Motion to Consolidate.wpd

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on the 18th day of July, 2005.

By: ___ U.S. Mail           ___ FAX
    ___ Hand Delivered      ___ UPS
    ___ Federal Express     ___ Other
    _X_ EFC System Participant (Electronic Service)

Signature  /s/ Sandra L. Faye

---

4